# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH TAYLOR,                     No. 2:12-cv-0820-KJM-CMK-P

    Petitioner,

 vs.                                ORDER

P.L. VAZQUEZ,

    Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations, 28 U.S.C. § 2244(d) (Doc. 19).  Petitioner filed an opposition to the motion (Doc. 22).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner asserts that he is entitled to equitable tolling due to the lack of access to the prison law library.

**I.    Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits

1  decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for
2  review by the California Supreme Court is filed, the conviction becomes final 40 days following
3  the Court of Appeal's decision, and the limitations period begins running the following day.  See
4  Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the
5  conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the
6  limitations period begins running the following day.  If the conviction became final before April
7  24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the
8  day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th
9  Cir. 1999).

10         The limitations period is tolled, however, for the time a properly filed application
11 for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
12 "properly filed," the application must be authorized by, and in compliance with, state law.  See
13 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.
14 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
15 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
16 and the failure to comply with those time limits precludes a finding that the state petition is
17 properly filed).  A state court application for post-conviction relief is "pending"during all the
18 time the petitioner is attempting, through proper use of state court procedures, to present his
19 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered
20 "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549
21 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
22 petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
23 state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
24 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
25 untimely, the federal court must independently determine whether there was undue delay.  See id.
26 at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2008 conviction. Petitioner states in his petition that the date of his conviction was June 11, 2008, and he was sentenced on January 9, 2009. He then filed his direct appeals, in both the California Court of Appeal and the California Supreme Court. The California Supreme Court denied his petition for review on July 28, 2010. Petitioner did not file any state habeas petitions, but signed and submitted his federal habeas petition for mailing on February 10, 2012. Originally filed in the Northern District of California, it was transferred to this court on March 30, 2012, with an effective filing date of February 29, 2012.

As petitioner filed a direct appeal, his statute of limitations began running after the expiration of the time he had to seek review by the United States Supreme Court. Thus, the statute of limitations began to run in this case October 27, 2010. As petitioner did not file any post-conviction applications, he then had until October 27, 2011 to file this petition. He did not file his petition until February 2012, over four months after the statute of limitations had expired. Therefore, absent any available equitable tolling, petitioner's federal habeas petition is untimely.

**II.      Equitable tolling**

Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to

equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419.  In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order.  See 128 F.3d at 1288.  In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition.  The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition.  Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control.  There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed."  The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . .  This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).  The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).  Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact

5

caused the delay.  See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

        Here, petitioner argues he is entitled to equitable tolling because the prison law library was closed due to staffing shortage for the two months prior to the expiration of the statue of limitations.  He states this was a critical time for him to complete the petition.

        As set forth above, there are two requirements to be met before the court can grant a petitioner equitable tolling.  The first is petitioner must demonstrate he acted with diligence in pursing his rights; the second is that extraordinary circumstances interfered with his ability to timely file his petition.  In this case, petitioner fails to meet either of these requirements.  First, petitioner does not address his diligence.  He fails to inform the court what steps he took in his attempts to file a timely petition.  He states the prison law library was closed for two months prior to the time for him to file his federal petition.  However, he does not address the eight months he had prior to that, nor does he indicate what steps he took to obtain the information necessary for him to complete his petition, such as when and how he requested library access or whether he requested research material in his cell.  Second, the interruption of access to the law library is not necessarily an extraordinary circumstance.  Petitioner fails to indicate what information was needed from the law library, and why he could not file his petition with access thereto.  A review of the petition filed in this case reveals no citations to any case or statutory law, which may have required access to the law library to obtain.  Rather, the claims raised in the petition are more factually based, and petitioner has attached supporting documents to his petition.  There is nothing therein to indicate the necessity of significant research in the law library, especially given petitioner's argument that he was only denied access thereto for two months.

        The undersigned finds, based on the lack of showing made herein, that petitioner is not entitled to equitable tolling of the statute of limitations.  Therefore, the statute of limitations expired prior to his filing this habeas petition, and his federal habeas petition is untimely.

### III. Conclusion

The undersigned finds the petitioner's federal habeas petition to be untimely. The statute of limitations expired prior to the filing of petitioner's federal habeas petition, and he is not entitled to equitable tolling.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 19) be granted, and petitioner's petition be dismissed as untimely filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE